IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


TERRY L. SPIRK,                      :
                                     :
        Petitioner                   :       CIVIL NO. 3:CV-13-2525
                                     :
   v.                                :
                                     :       (Judge Conaboy)
                                     :
J. KRUEGER,                          :
                                     :
        Respondent                   :

## MEMORANDUM
### Background

This pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was filed by Terry L. Spirk, an inmate presently confined at the Schuylkill Federal Correctional Institution, Minersville, Pennsylvania (FCI-Schuylkill). Named as Respondent is FCI-Schuylkill Warden J. Krueger. Petitioner has also filed a request for leave to proceed in forma pauperis. See Doc. 4. For the reasons outlined below, Spirk will be granted leave to proceed in forma pauperis for the sole purpose of the filing of this matter, however, his petition will be dismissed.

Spirk was convicted on charges of mail fraud (11 counts), wire fraud (1 count) and transporting in interstate commerce checks obtained by fraud (3 Counts) in the United States District Court for the Northern District of Illinois. See United States v. Spirk, 503 F. 3d 610 (7th Cir. 2007). Petitioner states that as a result

1

of those convictions, he is serving an aggregate term of imprisonment of 108 months on September 15, 2006.

Following a direct appeal, Petitioner's conviction on one (1) count of mail fraud was reversed by the United States Court of Appeals for the Seventh Circuit. See id. at p. 622-23. However, Petitioner's remaining convictions and sentences were affirmed. Sprik indicates that he thereafter filed a petition for relief pursuant to 28 U.S.C. § 2255, which was denied by the trial court on July 28, 2009. See Doc. 1, ¶ 10.

Petitioner's pending action claims entitlement to federal habeas corpus relief on the grounds that the imposition of his sentence constituted a violation of the Ex Post Facto Clause under Peugh v. United States, ____ U.S. ____, 133 S. Ct. 2072 (2013).[1] Spirk explains that he was sentenced under a provision of the United States Sentencing Guidelines "that was promulgated after he committed his criminal acts" rather than the more favorable version of the guidelines which was in place at the time of his offenses. Doc. 1, ¶ 13. He claims that his situation mirrors the events outlined in Peugh and warrants the granting of habeas corpus relief.

Petitioner acknowledges that after the Supreme Court's June

---

[1] A new law or policy violates the Ex Post Facto Clause when it is applied to events which occurred prior to its enactment and disadvantages the offender affected by it. Weaver v. Graham, 450 U.S. 24, 29 (1981). "One function of the Ex Post Facto Clause is to bar enactments, which by retroactive operation increase the punishment for a crime after its commission." Garner v. Jones, 529 U.S. 244, 249 (2000).

2

10, 2013 ruling in Peugh, he filed an application with the Seventh Circuit Court of Appeals seeking authorization to file a successive collateral attack under § 2255 seeking relief under Peugh. His application, which was filed on August 29, 2013, was dismissed by the Seventh Circuit Court of Appeals during September 2013. See id. at ¶ 10. Spirk thereafter initiated this habeas corpus action on October 4, 2013.[2]

**Discussion**

Section 2241 petitions are subject to judicial screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). See Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (the Rules Governing Section 2254 Cases in the United States District Courts are applicable to § 2241 petitions under Rule 1(b) of the Section 2254 Rules.); Mutope v. Pennsylvania Board of Probation and Parole, Civil No. 3:CV-07-472, 2007 WL 846559, at *2 (M.D. Pa. Mar. 19, 2007)(Kosik, J.).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the

---

[2] Since Spirk's Petition is dated October 4, 2013 it will be presumed filed as of that date. See Houston v. Lack, 487 U.S. 266 (1988)(a prisoner's action is deemed filed at the time it is given to prison officials for mailing to the Court).

3

petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriquez, 411 U.S. 475 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir.), cert. denied, 510 U.S. 920 (1993). Federal habeas relief is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

When challenging the validity of a federal conviction, and not the execution of his sentence, a federal prisoner is generally limited to seeking relief by way of a motion pursuant to § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Russell v. Martinez, No. 08-3898, 2009 WL 1154194, at *2 (3d Cir. Apr. 30, 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence") A challenge can only be brought under § 2241 if "it . . . appears that the

remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This language in § 2255, known as the safety-valve clause, must be strictly construed. Dorsainvil, 119 F.3d at 251; Russell, 2009 WL 1154194, at *2 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539. See also, Alexander v. Williamson, 2009 WL 1020218, at *2 (3d Cir. Apr. 16, 2009).

Petitioner has not asserted a claim that his conduct is no longer criminal due to some change in the law. His pending action also does not raise a claim of actual innocence, rather, Spirk contends only that his federal sentence should be reduced pursuant to Peugh.

As previously discussed, Petitioner acknowledges that he filed an application with the Seventh Circuit Court of Appeals on

5

August 29, 2013 seeking authorization to file a successive collateral attack under § 2255 motion for the purpose of pursuing his pending Peugh based claim. Based upon this Court's review of the Court of Appeal's docket, Petitioner did file such an application with the Seventh Circuit. See Spirk v. United States, Case: 12-2934, slip op. at 1 (7th Cir. September 6, 2013). By Order dated September 6, 2013, the Seventh Circuit Court of Appeals dismissed Spirk's "proposed sentencing claim without prejudice to renewal before June 10, 2014 should the Supreme Court declare *Peugh* retroactive by that date.[3] (Citation omitted)" Id. Based upon the recent ruling by the Court of Appeals for the Seventh Circuit, Petitioner has not shown that he is unable to present his claims in a § 2255 proceeding. Rather the Seventh Circuit has clearly afforded Spirk opportunity to renew his application in the event that *Peugh* is found to apply retroactively.[4]

As recognized by the Hon. Kim R. Gibson in Pollard v. Yost,

---

[3] The Order stated that "[a]lthough *Peugh* arguably announced a new rule, the Supreme Court did no make it retroactive to cases on collateral review as required by § 2255(h) for authorization." Id.
    In addition the Order cited Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013) wherein the Seventh Circuit ruled that when considering a request for an order authorizing a district court to entertain a successive petition for collateral relief regarding a new rule of constitutional law, relief is only appropriate if the new rule of law has been declared to apply retroactively on collateral review.

[4] Other courts have similarly held that the Supreme Court has not yet held that Peugh applies retroactively. See United States v. Locke, 2013 WL 5739207 *8 (D.C. Cir. Sept. 6, 2013).

6

No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal conviction to be presented by a federal inmate by way of a § 2241 petition, there must not only be "a claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal." Clearly, Spirk's claim of an excessive sentence under Peugh, a decision which has not yet been held to apply retroactively, does not fall within the Dorsainvil exception. See Levan v. Sneizek, No. 08-4116, 2009 WL 997442, at *2 (3d Cir. April 15, 2009); Smith v. Snyder, 48 Fed. Appx. 109, 110-11 (6th Cir. 2002).

Pursuant to the above discussion, since § 2255 is not inadequate or ineffective to test the legality of Petitioner's conviction, his § 2241 petition will be dismissed without prejudice. This dismissal does not preclude Petitioner from renewing his request for authorization from the Seventh Circuit Court of Appeals to file a second or successive § 2255 petition if he can establish that Peugh can apply retroactively on collateral review. An appropriate Order will enter.

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: OCTOBER 31 , 2013